UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

nLIGHT, INC.,

Plaintiff,

v.

DAVID M. HEMENWAY, and ATTALON, INC., a foreign corporation,

Defendants.

Case No. C26-1177-RSM

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff nLIGHT, Inc.'s Motion for Temporary Restraining Order ("TRO"). Dkt #9.  nLIGHT moves for an order "to preserve the status quo and prevent immediate harm that will occur if [Defendant David M.] Hemenway begins work for a direct competitor, Attalon, Inc., before the expiration of his six-month contractual non-compete." *Id*. at 1.  Defendants Hemenway and Attalon have filed a response brief.  Dkt. #22.

According to the declaration of Robert Martinsen, Chief Technology Officer at nLIGHT, both companies work in "high power laser subsystems" for defense (*i.e.* military) and industrial purposes.  *See* Dkt. #11. Hemenway "joined nLIGHT in 2011 and spent years in engineering and related technical roles."  *Id*. at 2.  He "managed nLIGHT's trade-secret program" and "served on nLIGHT's Intellectual Property Committee, which evaluated newly

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

submitted innovations and determined how they should be protected." *Id*. Hemenway signed a "Employment, Confidential Information, Invention Assignment, Non-Competition and Arbitration Agreement" on October 23, 2011, as a precondition of his employment. *Id*. at 3; *see also* Dkt. #10, Ex A. According to that Agreement, Hemenway is prohibited, for six months following the end of his employment with nLIGHT, from performing "services for" or receiving compensation from a business that competes with nLIGHT, directly or indirectly. *Id*. The prohibited services are not defined.

Defendant Hemenway left nLIGHT on April 3, 2026, to work for Attalon. *See* Dkt. #23 at 2–3. To smooth this transition, Hemenway says he "entered into a Confidential Information Protection and Role Restriction Agreement" where his "duties through October 4, 2026 are expressly limited to: (a) generic engineering process development, including manufacturing best practices and quality assurance methodologies not specific to any product line; (b) general manufacturing process improvements; and (c) such other assignments as Attalon may designate that do not create a substantial risk of implicating nLIGHT Confidential Information." *Id* at 3; *see also* Dkt. #10, Ex. F.

nLIGHT filed this case on April 7, 2026, bringing causes of action for: breach of contract; "threatened misappropriation of trade secrets under Chapter 19.108 RCW;" "threatened misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836;" declaratory relief, and tortious interference with contract. Dkt. #1. In this Motion, nLIGHT first argues it is likely to succeed on its claim for breach of the Employment, Confidential Information, Invention Assignment, Non-Competition and Arbitration Agreement. That Agreement is clearly a noncompete agreement under Washington State law. nLIGHT next argues it is likely to succeed on its two claims for misappropriation of trade secrets.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

Typically, for a TRO the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

## A. Noncompete Agreement

Washington law currently states that employers may impose post-employment non-competition restrictions on employees provided that they: (1) disclose the agreement when the individual accepts the job offer; (2) pay the individual over the statutory minimum; and (3) require the application of Washington law and adjudication of any dispute in a Washington based court for a Washington based employee. RCW §§ 49.62.020; 49.62.050.

The Court will only enforce reasonable noncompete clauses. *Labriola v. Pollard Grp., Inc.*, 152 Wn.2d 828, 846, 100 P.3d 791, 799-800 (2004) (J. Madsen concurring). "The determination of whether a covenant is reasonable is a question of law." *Emerick v. Cardiac Study Ctr., Inc., P.S.*, 189 Wash. App. 711, 721, 357 P.3d 696, 701 (2015) (citing *Alexander & Alexander, Inc. v. Wohlman*, 19 Wash. App. 670, 684, 578 P.2d 530 (1978)). To determine reasonableness, the Court considers:

> (1) whether the restraint is necessary to protect the employer's business or goodwill, (2) whether it imposes on the employee any

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

greater restraint than is reasonably necessary to secure the employer's business or goodwill, and (3) whether enforcing the covenant would injure the public through loss of the employee's service and skill to the extent that the court should not enforce the covenant, *i.e.*, whether it violates public policy.

*Emerick*, 357 P.3d at 701 (citing *Perry v. Moran*, 109 Wn.2d 691, 698, 748 P.2d 224 (1987), *judgment modified on recons. on other grounds*, 111 Wn.2d 885, 766 P.2d 1096 (1989)).

Defendants point out that Engrossed Substitute House Bill 1155, effective June 30, 2027, will do away with the above statutory law and simply prohibit noncompetition agreements. *See* Dkt. #22 at 6. Defendants argue that, although the law is not in effect, it was "signed into law before nLIGHT filed suit" and "reflects the State's existing public policy decision." *Id.* Defendants nevertheless contend that the 2011 Agreement is overbroad and imposes a greater restraint than is reasonably necessary because is not "tailored in any way to Mr. Hemenway's role, either at nLIGHT or his next employer." *Id.* at 12–13 (citing *Amazon.com, Inc. v. Moyer*, 417 F. Supp. 3d 1388, 1398 (W.D. Wash. 2019)).

The Court finds that the reasonableness of this noncompete requires a fact-intensive analysis not appropriate for the granting of a TRO. nLIGHT has failed to demonstrate a likelihood of success as to each of the above elements, in particular by failing to provide sufficient non-speculative detail as to the aspects of nLIGHT's business that are being threatened and by failing to adequately address the public policy of enforcing this noncompete agreement now given the changes to the law that have occurred since it was drafted in 2011. The Court also agrees with Defendants that the Agreement is likely overbroad in scope.

The parties both point to the concept of "reformation." *See* Dkt. #9 at 9 ("Even if the Court were to conclude that some aspect of the restraint requires narrowing, Washington law permits reformation rather than wholesale invalidation."); Dkt. #22 at 14. The Court finds that

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 4

contract reformation cannot reasonably be accomplished based on this limited record and is not appropriate relief for a TRO.

**B.  Trade Secret Claims**

nLIGHT alleges that Mr. Hemenway threatens misappropriation of trade secrets and does not have evidence of actual misappropriation.  *See* Dkt. #9 at 9–10 (citing *Key Inv. Servs., LLC v. Sul,* 2023 WL 5015619, at *4 (W.D. Wash. Aug. 7, 2023)).  nLIGHT also states that Hemenway does not have "written down" trade secrets but only "memorized information." *Id*. Defendants argue that nLIGHT does not adequately define what trade secrets are at issue.  Dkt. #22 at 10 ("nLIGHT has waived in the general direction of its entire company's operations but has not specifically identified any actual trade secrets.").  Defendant also points out that there is no evidence of threatened misappropriation, for example "no words and no conduct by either Hemenway or Attalon indicating imminent misuse," and instead there is evidence to the contrary, including the Confidential Information Protection and Role Restriction Agreement. Dkt. #22 at 12.

The Court has reviewed the briefing of the parties and the attached documentation and finds that it need not dive into the nuances of statutory and case law for these claims.  nLIGHT has failed to present sufficient evidence of the trade secrets at issue, beyond general statements of the categories of work performed by the two companies, to demonstrate a likelihood of success on the merits.  There is insufficient conclusive evidence of a threat of misappropriation. Accordingly, a TRO cannot be granted as to these claims.

Given all of the above, the Court finds that it need not examine the other factors for a TRO and will deny this Motion.  Having considered the briefing and the remainder of the

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 5

record, the Court hereby finds and ORDERS that Plaintiff nLIGHT's Motion for Temporary Restraining Order, Dkt #9, is DENIED.

DATED this 16th day of April, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 6